**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| TONY A. WILSON, | : | CIVIL ACTION NO. 08-4795 (MLC) |
| | : | |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| | : | |
| v. | : | |
| | : | |
| SAHBRA SMOOK JACOBS, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**COOPER, District Judge**

Plaintiff <u>pro se</u>, Tony A. Wilson ("plaintiff"), brought this action against defendant, Sahbra Smook Jacobs, in her official capacity as Chief Counsel of the State of New Jersey Committee on Character (the "Committee"), alleging, <u>inter alia</u>, that defendant violated his right to due process by (1) receiving allegedly false information from the Florida Board of Bar Examiners ("FBBE") and the Connecticut Bar Examining Committee ("CBEC"), and (2) refusing to recommend plaintiff be admitted to the New Jersey Bar. (Dkt. entry no. 2, Am. Compl. at 14-15.) Plaintiff seeks, <u>inter alia</u>, (1) a judgment declaring that defendant acted with bad faith by "denying [plaintiff] a New Jersey Bar license without equal protection and due process of the law," and (2) to enjoin defendant from using information received from the FBBE or the CBEC as a basis for denying his application to the New Jersey Bar (the "N.J. Application"). (<u>Id.</u> at 26-27.) Defendant now moves to dismiss the Amended Complaint pursuant to Federal Rule

of Civil Procedure ("Rule") 12(b)(1).  (Dkt. entry no. 7.)
Plaintiff opposes the motion (dkt. entry no. 8), and cross-moves
for, <u>inter alia</u>, injunctive relief.  (Dkt. entry no. 11.)
Defendant opposes the cross motion.  (Dkt. entry no. 13.)  The
Court determines the motion and cross motion on the briefs
without an oral hearing pursuant to Rule 78(b).  The Court, for
the reasons stated herein, will (1) grant the motion, (2) deny
the cross motion, and (3) dismiss the Amended Complaint.

**BACKGROUND**

Plaintiff sat for, and passed, the July 2007 New Jersey Bar
Examination.  (Am. Compl. at 2.)  Before taking the examination,
plaintiff submitted the N.J. Application to the Committee,
charged with determining the fitness of each candidate for
admission to the New Jersey Bar, on or about April 2, 2007.
(<u>Id.</u>; <u>see</u> dkt. entry no. 7, Powers Certif., Ex. C.)  Plaintiff's
N.J. Application included a standard authorization and release
for the Committee to access any pertinent information, including
information regarding any other Bar applications plaintiff had
submitted in other states.  (Am. Compl. at 2; dkt. entry no. 7,
Def. Br. at 3.)

After reviewing his N.J. Application, the Committee advised
plaintiff, on December 10, 2007, that, pursuant to regulations
governing admission, it intended to hold a hearing regarding his
admission.  (Powers Certif., Ex. A., 12-10-07 Letter at 1; <u>see</u>

2

Powers Certif., Ex. C.)  The Committee also requested plaintiff provide it with additional information, including "[t]he status of [his] bar applications in other States." (12-10-07 Letter at 2.)

During the review process, defendant requested and received information from the FBBE and CBEC. (Def. Br. at 1.)  Plaintiff subsequently, in May 2008, advised the Committee that he was revoking his authorization and release for it to receive information from all outside sources, and in particular information from the FBBE. (Powers Certif., Ex. B., 5-21-08 Letter at 2-4.)

Plaintiff, although having passed the Florida Bar Examination, was denied admission to the Florida Bar by the FBBE on July 7, 2008. (Am. Compl. at 3.)[1]  Plaintiff contends that the FBBE's decision to deny his application was based on false allegations made to the FBBE by his adversary in a 2002 federal action. (Id. at 7.)  He asserts that the allegations include, inter alia, that plaintiff failed to abide by certain court orders pertaining to scheduling and discovery. (See id. at 3-6; see also id. at 7 (arguing that the FBBE erred because it did not address or consider (1) the doctrine of res judicata (2) the

---

[1]     The FBBE made the recommendation to deny plaintiff's Florida Bar application on July 21, 2006. (Dkt. entry no. 12, Wilson Aff. at 1.)  The Florida Supreme Court affirmed the recommendation on July 7, 2008. (Id.)

Supremacy Clause, and (3) the First Amendment); dkt. entry 12, Wilson Aff. at 1 (same).)

Plaintiff, on June 13, 2008, was also denied admission to the Connecticut Bar. (Id. at 12.) Plaintiff contends the CBEC denied his application, despite having passed the examination and provided the CBEC with exhibits establishing "his clear and convincing evidentiary prima facie case of his good moral character," because, inter alia, it wrongfully found that plaintiff stated that his Florida application was pending, as well as based on his credibility and criminal and work history. (Id. at 10-12.)

Plaintiff filed the Complaint on September 26, 2008, and the Amended Complaint on October 9, 2008, contending, inter alia, the Committee cannot consider the Florida and Connecticut Bar admission information in evaluating plaintiff's N.J. Application. (Id. at 17; see dkt. entry no. 1, Compl.)

Plaintiff, on December 22, 2008, provided the Committee with another authorization and release for the Committee to receive any and all information pertinent to the evaluation of his N.J. Application from outside sources, including the FBBE and CBEC. (See dkt. entry no. 12.) The Committee has not yet held a hearing on plaintiff's N.J. Application or made any decisions or recommendations as to the status of the application. (Def. Br. at 1 n.1.)

**DISCUSSION**

**I.    Applicable Legal Standards**

    **A.    Rule 12(b)(1)**

A defendant may move to dismiss a claim for lack of subject matter jurisdiction at any time.  Fed.R.Civ.P. 12(b)(1); <u>Iwanowa v. Ford Motor Co.</u>, 67 F.Supp.2d 424, 437-38 (D.N.J. 1999).  A defendant may challenge subject matter jurisdiction through a facial or factual attack.  <u>Gould Elecs. v. United States</u>, 220 F.3d 169, 176 (3d Cir. 2000).  Under either challenge, the plaintiff bears the burden of demonstrating jurisdiction.  <u>Id.</u>

When reviewing a facial attack, a court assumes the allegations in the complaint are true and may dismiss the complaint only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction.  <u>Cardio-Med. Assocs., Ltd. v. Crozer-Chester Med. Ctr.</u>, 721 F.2d 68, 75 (3d Cir. 1983); <u>Iwanowa</u>, 67 F.Supp.2d at 438.  A challenge to a complaint for failure to allege subject matter jurisdiction is a facial challenge.  <u>NE Hub Partners, L.P. v. CNG Transmission Corp.</u>, 239 F.3d 333, 341 n.7 (3d Cir. 2001) (finding challenge to complaint for lack of ripeness to be facial challenge).

    **B.    Injunctive Relief**

Injunctive relief is an "extraordinary remedy, which should be granted only in limited circumstances."  <u>Novartis Consumer</u>

5

<u>Health v. Johnson & Johnson-Merck Consumer Pharms. Co.</u>, 290 F.3d 578, 586 (3d Cir. 2002) (quotation and citation omitted).  To obtain such relief, a movant must demonstrate both a likelihood of success on the merits and the probability of irreparable harm absent the injunction.  <u>Frank's GMC Truck Ctr. v. Gen. Motors Corp.</u>, 847 F.2d 100, 102 (3d Cir. 1988).

In determining whether to issue an injunction, the Court must consider whether (1) the movant has shown a reasonable probability of success on the merits, (2) the movant will be irreparably injured by denial of the relief, (3) granting the preliminary relief will result in even greater harm to the nonmoving party, and (4) granting the preliminary relief is in the public interest.  <u>ACLU of N.J. v. Black Horse Pike Req'l Bd. of Educ.</u>, 84 F.3d 1471, 1477 n.2 (3d Cir. 1996); <u>AT&T Co. v. Winback & Conserve Program</u>, 42 F.3d 1421, 1427 (3d Cir. 1994); see <u>The Nutrasweet Co. v. Vit-Mar Enter.</u>, 176 F.3d 151, 153 (3d Cir. 1999).  The Court should issue an injunction "only if the plaintiff produces evidence sufficient to convince the district court that all four factors favor preliminary relief."  <u>AT&T Co.</u>, 42 F.3d at 1477 (citation omitted); see <u>The Nutrasweet Co.</u>, 176 F.3d at 153 (noting that a plaintiff's failure to establish any one of the four elements renders a preliminary injunction inappropriate).

6

## II.  Defendant's Motion to Dismiss

Defendant emphasizes that neither the Committee nor the New Jersey Supreme Court has issued a recommendation or final decision as to plaintiff's N.J. Application.  (Def. Br. at 10-11.)  Defendant argues that the Amended Complaint is based on an assumption that plaintiff's N.J. Application will be denied, rather than fact, and thus is not ripe for adjudication and must be dismissed for lack of jurisdiction.  (Id. at 9.)  Plaintiff, to the contrary, contends he is entitled to a "pre-enforcement challenge" because he "has suffered injury in fact by his [N.J. Application] being denied by [defendant] without equal protection and due process of law."  (Dkt. entry no. 8, Pl. Opp'n Br. at 4.) Plaintiff appears to argue, inter alia, that he has a "credible fear" that the Committee will follow the lead of the FBBE and CBEC, making it "likely that [he] will be denied admission to the New Jersey Bar," and attempts to challenge the FBBE and CBEC decisions here.  (Id. at 4; Am. Compl. at 13; see dkt. entry no. 11, Pl. Br.)

Ripeness ultimately derives from Article III's requirement that federal courts may decide only cases and controversies.  See Nextel Commc'ns of Mid-Atl. v. City of Margate, 305 F.3d 188, 192 (3d Cir. 2002).  The ripeness doctrine determines "whether a party has brought an action prematurely, and counsels abstention until such time as a dispute is sufficiently concrete to satisfy the

constitutional and prudential requirements of the doctrine."
Peachlum v. City of York, Pa., 333 F.3d 429, 433 (3d Cir. 2003)
(citations omitted).  "The ripeness doctrine prevents judicial
interference until an administrative decision has been formalized
and its effects felt in a concrete way by the challenging
parties."  Lauderbaugh v. Hopewell Twp., 319 F.3d 568, 575 (3d
Cir. 2003).

To meet the ripeness standard, plaintiff must show either a
specific present objective harm or the threat of specific future
harm.  Laird v. Tatum, 408 U.S. 1, 14 (1972).  "A claim is not
ripe for adjudication if it rests upon contingent future events
that may not occur as anticipated, or indeed may not occur at
all."  Texas v. United States, 523 U.S. 296, 300 (1998) (internal
cites omitted).  The "plaintiff must have suffered an injury in
fact - an invasion of a legally protected interest which is (a)
concrete and particularized, and (b) actual or imminent, not
conjectural or hypothetical."  Lujan v. Defenders of Wildlife,
504 U.S. 555, 560 (1992) (internal citations and quotations
omitted).

The Third Circuit has developed a three part analysis to
determine whether the court may engage in pre-enforcement review
in the context of a declaratory judgment action, examining (1)
the parties' adverse legal interests, (2) the conclusiveness of
the judgment, and (3) the utility of the judgment.  Surrick v.

Killion, 449 F.3d 520, 527 (3d Cir. 2006); Step-Saver Data Sys.
v. Wyse Tech., 912 F.2d 643, 647 (3d Cir. 1990).

Plaintiff's claims are not yet ripe for judicial action.
Plaintiff has not established a substantial threat of real harm.
See Surrick, 449 F.3d at 527; cf. Babbitt v. United Farm Workers
Nat'l Union, 442 U.S. 289, 298 (1979) (finding, if the injury is
impending, one "does not have to await the consummation of
threatened injury to obtain preventative relief") (quotations and
citations omitted).  Although plaintiff contends he was denied
admission to the Connecticut and Florida Bars on the basis of
certain information, no evidence has been produced to demonstrate
that he will be denied admission to the New Jersey Bar based on
the same information.  The Committee, moreover, has yet to hold a
hearing on plaintiff's N.J. Application, in part because
plaintiff previously revoked authorization for the Committee to
complete its review.  Despite his contentions, plaintiff, at this
juncture in the process, has not been denied a license to
practice law in New Jersey.  Because his N.J. Application is
pending, plaintiff has not suffered a concrete or actual injury
in fact.

Given the fact-sensitive and contingent nature of the
action, a judgment here would be akin to an advisory opinion
based on a hypothetical set of facts, rather than conclusive
determination of the parties' rights.  Cf. Surrick, 449 F.3d at

528 ("Cases presenting predominantly legal questions are
particularly amenable to a conclusive determination in a
preenforcement context."). Plaintiff's arguments are speculative
at best, resting on contingent future events that may not occur
as anticipated, if at all. The Court thus does not find that a
judgment at this time would be useful to the parties. See
Presbytery of the Orthodox Presbyterian Church v. Florio, 40 F.3d
1454, 1464 (3d Cir. 1994) (finding "a case should not be
considered justiciable unless the court is convinced that by its
action a useful purpose will be served") (internal quotations and
citations omitted); Armstrong World Indus. v. Adams, 961 F.2d
405, 412 (3d Cir. 1992) ("A declaratory judgment granted in the
absence of a concrete set of facts would itself be a contingency,
and applying it to actual controversies which subsequently arise
would be an exercise in futility.") (internal quotations and
citations omitted).

The course of Plaintiff's grievance against defendant is not
yet ripe for review because the Committee has not yet acted. See
Martin v. Townsend, No. 90-2616, 1990 U.S. Dist. LEXIS 12443, at
*6 (D.N.J. Sept. 19, 1990) (finding, because the Committee had
yet to issue a decision as to plaintiff's admission to the New
Jersey Bar, plaintiff's claim was not ripe for adjudication).
Plaintiff's prospective claim of harm is a future event
contingent upon the Committee's denial of the N.J. Application,

10

which has not occurred.  Cf. Wallace v. Calogero, 286 F.Supp.2d 748, 754 (E.D. La. 2003) (finding, because the Bar Admissions Committee had enforced a prohibition against plaintiff, claims were ripe for adjudication).  Plaintiff's claims therefore must be dismissed as premature.[2]

The Court, moreover, notes that federal courts, including the Third Circuit, are reluctant to review completed decisions by state courts denying an individual candidates's admission to that state's bar.  See, e.g., D.C. Court of Appeals v. Feldman, 460 U.S. 462, 485-86 (1983); Brunwasser v. Strassburger, 490 F.Supp. 959, 963 (W.D. Pa 1980) ("A better approach would be a universal rule which provides that the only route for vindication of constitutional challenges to state bar disciplinary procedures is by appeal to the state's highest court and subsequent petition for a writ of certiorari."), aff'd, 642 F.2d 440 (3d Cir. 1981); Lawrence v. Welch, 531 F.3d 364, 369-71 (6th Cir. 2008); Brown. v. Bd. of Bar Examiners, 623 F.2d 605, 609-10 (9th Cir. 1980); Doe v. Pringle, 550 F.2d 596, 599 (10th Cir. 1976); Martin, 1990 U.S. Dist. LEXIS 12443, at *7 ("For [a federal court] to intervene and force the New Jersey Supreme Court to license

---

[2]     The Court finds plaintiff's arguments, inter alia, that the FBBE should have given full faith and credit to a Middle District of Florida decision, and this Court is therefore barred by the doctrines of res judicata and collateral estoppel from evaluating issues pertaining to plaintiff's "protected and lawful First Amendment activities" and the FBBE's decision, to be irrelevant.  (See Pl. Opp'n Br. at 5-20.)

plaintiff would conflict with the principles of federal-state relationships, abstention and comity."); <u>Mattas v. Supreme Court of Pa.</u>, 576 F.Supp. 1178, 1183-84 (W.D. Pa. 1983); <u>Allstate Ins. Co. v. W.V. State Bar</u>, 998 F.Supp. 690, 693 (S.D. W. Va. 1998).

**III. Plaintiff's Cross Motion for Injunctive Relief**

Because plaintiff's claims are not yet ripe for review, the Court does not have jurisdiction to review plaintiff's claim for injunctive relief.  Plaintiff's cross motion for, <u>inter</u> <u>alia</u>, injunctive relief thus must be denied.

<b>CONCLUSION</b>

The Court, for the reasons stated <u>supra</u>, will (1) grant defendants's motion to dismiss the Amended Complaint, (2) deny plaintiff's cross motion for, <u>inter</u> <u>alia</u>, injunctive relief, and (3) dismiss the Amended Complaint.  The Court will issue an appropriate Order and Judgment.


              s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge


Dated:  July 1, 2009